Jeffrey W. Dillon (JD 5894)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
Email: jeffrey.dillon@sedgwicklaw.com
*Attorneys for Defendant*
*Illinois Union Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION, and SCHOOL POOL FOR EXCESS LIABILITY LIMITS JOINT INSURANCE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> SELECTIVE INSURANCE COMPANY OF AMERICA, and ILLINOIS UNION INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION NO.: _____ <br><br><br> **NOTICE OF REMOVAL** <br><br> <u>DOCUMENT FILED</u> <br> <u>ELECTRONICALLY</u> |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendant ILLINOIS UNION INSURANCE COMPANY ("Illinois Union") through their undersigned counsel, remove all further proceedings in this action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Burlington County. In support of removal, Illinois Union states as follows:

## Background

1.      On or about May 16, 2011, Plaintiffs GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION, and SCHOOL POOL FOR EXCESS LIABILITY LIMITS JOINT INSURANCE FUND (collectively, "Plaintiffs"), through its attorneys, Offit Kurman, filed a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1661-11 (the "State Court Action"). A copy of Plaintiffs' Complaint and Jury Demand is attached hereto as Exhibit A.

2.      On July 29, 2011 pursuant to a Consent Order extending Illinois Union's time to respond to the Complaint, Illinois Union timely filed and served its answer to the Complaint. A copy of Illinois Union's answer is attached hereto as Exhibit B.

3.      On September 14, 2011, Illinois Union received a copy of a stipulated Consent Order dismissing with prejudice Selective from the State Court Action. A copy of the Consent Order is attached hereto as Exhibit C.

4.      Upon information and belief, the Consent Order was signed by Judge Karen Sutter of the Superior Court of New Jersey, Law Division, Burlington County on or about September 15, 2011. A copy of the signed Consent Order is attached hereto as Exhibit D.

5.      This is an insurance coverage action in which Plaintiffs seek monetary relief under an excess errors and omissions liability insurance policy issued by Illinois Union. Plaintiffs allege breach of contract against Illinois Union for its alleged refusal to pay the litigation costs and cost of settlement relating to Plaintiffs' defense and settlement of an underlying action, captioned *R.S. v. Gateway Regional Board of Education, et al.*, Docket No. L-330-07, Superior

2

Court of New Jersey, Gloucester County, Law Division (the "Underlying Action").  (Ex. A, ¶¶ 38-39; 63-66.)  Plaintiffs allege litigation costs in excess of $150,000 and do not specify the cost of settlement.  (Ex. A, ¶¶ 38-39.)

6.     Plaintiffs seek judgment against Illinois Union for compensatory damages, pre-judgment and post-judgment interest and costs of suit.  (Ex. A, ¶¶67-68.)

### Jurisdictional Basis For Removal

7.     28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28. U.S.C. §1446(b).

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1446(b) because this case, stated by the initial pleading, was not removable, but has become removable under 28 U.S.C. §1332(a).  As set forth below, the United States District Court now has subject matter jurisdiction over this action because, with the dismissal of Selective from the action, the requisite diversity of citizenship between Plaintiffs and Illinois Union exists, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9.     Upon information and belief, plaintiff Gloucester, Cumberland, Salem School Districts Joint Insurance Fund ("GCSSDJIF") is a school district joint insurance fund formed pursuant to New Jersey state statute and operating at 525 Lincoln Drive West, Marlton, New Jersey.

3

10.     Upon information and belief, plaintiff Gateway Regional High School Board of Education is an entity created pursuant to New Jersey state statute, located at 775 Tanyard Road, Woodbury Heights, New Jersey.

11.     Upon information and belief, plaintiff School Pool for Excess Liability Limits Joint Insurance Fund is an entity formed pursuant to New Jersey state statute, with its principal place of business in Hammontown, New Jersey.

12.     Illinois Union is an Illinois corporation with its principal place of business in Chicago, Illinois.

13.     Upon information and belief, defendant Selective, since dismissed from this action, is a New Jersey corporation with its principal place of business in Branchville, New Jersey.

14.     Upon receipt of the Consent Order, Illinois Union first became aware that this case had become removable pursuant to 28 U.S.C. §1332 on the basis of diversity of citizenship and amount in controversy.

15.     Specifically, the diversity of citizenship is met because there is now complete diversity of citizenship between Plaintiffs, who are citizens of New Jersey, and Illinois Union, a citizen of Illinois.

16.     In addition, the amount in controversy in this matter exceeds the minimum jurisdictional amount of $75,000.00, exclusive of interest and costs.   Plaintiffs seek compensatory damages, among other things, against Illinois Union, arising out of Illinois Union's

alleged refusal to pay Plaintiffs for the defense costs in excess of $150,000 incurred in the underlying action and the cost of settlement of the underlying action.

### Notice of Removal

17.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of when Illinois Union received notice "through service or otherwise" that the case "has become removable".

18.    Specifically, on September 14, 2011, Illinois Union received a copy of the Consent Order in which Plaintiffs and Selective agreed to the dismissal with prejudice of Selective from the State Court Action.  (*See* Exhibit B.)

19.    Moreover, this action – which was commenced with the filing of the Complaint on or about May 16, 2011 – has been pending for less than one year.

20.    The United States District Court for the District of New Jersey is the judicial district embracing the location where the State Court Action was originally filed:  Burlington County, New Jersey.

21.    Pursuant to 28 U.S.C.  § 1446(d), written notice of the filing of this Notice of Removal shall be promptly served upon Plaintiffs and a copy of this Notice of Removal shall be filed with the clerk of the Superior Court of New Jersey, Burlington County.

22.    WHEREFORE, for the foregoing reasons, this action has become removable under 28 U.S.C. §1446(b) and Illinois Union respectfully removes this action from the Superior Court of New Jersey, Burlington County, Law Division, to the United States District Court for the District of New Jersey.

Dated: New York, New York
October 13, 2011

**SEDGWICK LLP**

Attorneys for Defendant Illinois Union
Insurance Company

By: _____

Jeffrey W. Dillon (JD 5894)

## CERTIFICATE OF SERVICE

I, Jeffrey W. Dillon, pursuant to 28 U.S.C. §1746, hereby certify under penalty of perjury that a true and correct copy of the attached **NOTICE OF REMOVAL WITH EXHIBITS** was served via Federal Express on this 13th day of October 2011, upon the following:

William H. Pillsbury, Esq.
Offit Kurman
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Plaintiffs*


Clerk's Office
Superior Court of New Jersey
Burlington County – Law Division
49 Rancocas Road
Mount Holly, New Jersey

Jeffrey W. Dillon (JD 5894)

7

# EXHIBIT A

OFFIT KURMAN
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA  19103
T: 267-338-1300
F: 267-338-1335

|  |  |
|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION, and SCHOOL POOL FOR EXCESS LIABILITY LIMITS JOINT INSURANCE FUND, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY |
| Plaintiffs, | Docket No. L-1661-11 |
| vs. | Civil Action |
| SELECTIVE INSURANCE COMPANY OF AMERICA, and ILLINOIS UNION INSURANCE COMPANY, | **COMPLAINT AND JURY DEMAND** |
| Defendants. |  |

Plaintiffs Gloucester, Cumberland, Salem School Districts Joint Insurance Fund ("GCSSDJIF"), Gateway Regional High School Board of Education ("Gateway"), and School Pool for Excess Liability Limits Joint Insurance Fund ("SPELL") (collectively, "Plaintiffs"), by way of Complaint against Defendants Selective Insurance Company of America ("Selective") and Illinois Union Insurance Company ("Illinois Union") (collectively, "Defendants"), say:

## BACKGROUND

1.     Plaintiff Gloucester, Cumberland, Salem School Districts Joint insurance Fund ("GCSSDJIF") is a School District Joint Insurance Fund formed under the provisions of N.J.S.A.

18A:18B 1-10, *et seq.*, operating out of Burlington County at 525 Lincoln Drive West, Marlton, New Jersey.

2.      Plaintiff Gateway Regional High School Board of Education ("Gateway"), an entity created and existing pursuant to New Jersey law, located at 775 Tanyard Road, Woodbury Heights, Gloucester County, New Jersey.

3.      Plaintiff School Pool for Excess Liability Limits Joint Insurance Fund ("SPELL") is an organization formed under New Jersey law, N.J.S.A. 18A:18B1-10 *et seq.*, with its principal place of business in Hammontown, New Jersey.

4.      Defendant Selective Insurance Company of America ("Selective") is a New Jersey corporation with its principal place of business in Branchville, New Jersey.

5.      Defendant Illinois Union Insurance Company ("Illinois Union") is an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania.  Illinois Union regularly conducts business in the State of New Jersey and in this County, including its dealing with Plaintiffs.

## POLICIES AT ISSUE

### Selective Reinsurance Contracts for 2002-2003, 2003-2004, and 2004-2005

6.      Selective sold to Plaintiffs a Multi Line Reinsurance Contract for the policy period July 1, 2002 to July 1, 2003 (the "2002 Selective Reinsurance Contract"), which reinsures or provides excess coverage for, amongst other things, Plaintiff's General Liability Coverage.  A copy of the 2002 Selective Reinsurance Contract is attached as **Exhibit A** and, by this reference, incorporated herein as though fully set forth herein.

7.      Selective also sold to Plaintiffs a Multi Line Reinsurance Contract for the policy period July 1, 2003 to July 1, 2004 (the "2003 Selective Reinsurance Contract"), which reinsures or provides excess coverage for, amongst other things, Plaintiff's General Liability Coverage.  A

2

copy of the 2003 Selective Reinsurance Contract is attached as **Exhibit B** and, by this reference, incorporated herein as though fully set forth herein.

8.      Selective also sold to Plaintiffs a Multi Line Reinsurance Contract for the policy period July 1, 2004 to July 1, 2005 (the "2004 Selective Reinsurance Contract"), which reinsures or provides excess coverage for, amongst other things, Plaintiff's General Liability Coverage (the 2002 Selective Reinsurance Contract, the 2003 Selective Reinsurance Contract, and the 2004 Selective Reinsurance Contract are collectively referred to as the "Selective Reinsurance Contracts"). A copy of the 2004 Selective Reinsurance Contract is attached as **Exhibit C** and, by this reference, incorporated herein as though fully set forth herein.

9.      The Selective Reinsurance Contracts provide that Selective will "reinsure[] SPELL, on Policies issued by SPELL, for SPELL's loss(es) in excess of SPELL's Retained Losses."

10.     At all relevant times, GCCSDJIF was an owner group of SPELL and Gateway was a member of SPELL.

11.     Plaintiffs, as the direct contracting party, SPELL, and as an owner group and member of SPELL, GCCSDJIF and Gateway respectively, are entitled to file a direct action against Selective under the Selective Reinsurance Contracts.

12.     In addition, the Selective Reinsurance Contracts, despite being called "Reinsurance Contracts" effectively provide excess coverage for losses stemming from, amongst other things, General Liability Coverage provided by GCCSDJIF and/or SPELL.

13.     The limit of liability under the Selective Reinsurance Contracts for General Liability Coverage is $9,850,000 with a retainer of $150,000, which includes the "Owner Group Fund Retention" and the "SPELL Retention" for the 2002 and 2003 Selective Reinsurance

Contract, but only the "Owner Group Fund Retention" for the 2004 Selective Reinsurance

Contract.

14.     The "Owner Group Fund Retention" is the retainer covered by GCCSDJIF, while

the "SPELL Retention" is the retainer owed by SPELL.

15.     Under the Policies issued by SPELL and, thus, under the Selective Reinsurance

Contract, the General Liability Coverage provides that Selective will provide coverage for:

> [A]ll sums that an Insured becomes legally obligated to pay as damages
> because of "Bodily Injury," . . . or "Personal Injury".

> * * *

> This coverage applies to:

> (1) "Bodily Injury" . . . only if: (a) The "Bodily Injury" . . . is caused by an
> "Occurrence" that takes place in the Coverage Territory; and (b) The
> "Bodily Injury" . . . occurs during the Coverage Period.

> (2) "Personal Injury" caused by an offense committed in the Coverage
> Territory during the Coverage Period and arising out of a Member's
> operations.

16.     The term "Bodily Injury" is defined under the policies issued by SPELL as:

> [B]odily injury, sickness, disease, disability, shock, mental anguish,
> mental injury and humiliation sustained by a person, including death
> resulting from any of these at any time.

17.     The term "Personal Injury" is defined under the policies issued by SPELL as:

> [I]njury, other than "Bodily Injury", arising out of one or more of the
> following offenses:

> * * *

> g.     Violation of the Federal Civil Rights Act of 1871 or 42 U.S.C.
> 1983 and similar laws.

18.     The term "Occurrence" is defined under the policies issued by SPELL as:

> [A]n accident, including continuous or repeated exposure to substantially
> the same general harmful conditions.

4

19.     Plaintiffs have complied with all terms of the Selective Reinsurance Contracts.

**Illinois Union Policy for 2004-2005 and 2005-2006**

20.     Illinois Union sold to Plaintiffs for the policy period July 1, 2004 to July 1, 2005 an Excess Insurance Policy for School Leaders Errors and Omissions Liability, Policy No. EON N00717381 001 (the "Illinois Union Policy"), which provides excess coverage for Plaintiff's Educator's Legal Liability Insurance Coverage.  A copy of the 2004 Illinois Union Policy is attached as **Exhibit D** and, by this reference, incorporated herein as though fully set forth herein.

21.     The Illinois Union Policy states that Illinois Union will "provide insurance coverage to the Insureds in accordance with the terms, definitions, conditions, exclusions and limitations of the Followed Policy."

22.     The term "Insureds" is defined as "those individuals and entities insured by the Followed Policy."

23.     Under the Followed Policy and, therefore, under the Illinois Union Policies, Plaintiffs are insureds.

24.     Pursuant to the Illinois Union Policies, the Aggregate Limit of Liability is $10,000,000 per Policy Period and the self insured retention is $100,000.

25.     The Followed Policies, and therefore the Illinois Union Policy, state that Illinois Union will provide coverage for:

> [A]ll sums an Insured shall be legally obligated to pay as damages as a result of "Claims" first made during the Coverage Period, against an Insured by reason of "Wrongful Act(s)" rendered in the discharge of a Member's duties.

26.     The term "Claims" is defined by the Followed Policies as:

> [A]n oral or written notice from any party intending to hold an Insured responsible for damages resulting from a "Wrongful Act" covered by this Coverage Part.   "Claim" also means an Insured's knowledge of

circumstances that could reasonably be expected to give rise to such notice.

27.    The term "Wrongful Act(s)" is defined by the Followed Policies as:

Any alleged or actual:

a.     Error, misstatement, misleading statement, act or omission, neglect or breach of duty of an Insured; [or]

b.     Violation of any employment related civil rights or student civil rights protected by either state or federal law, unless otherwise excluded by this Coverage Part;

\* \* \*

That arises out of the discharge of duties for an Insured, individually or collectively.

28.    Plaintiffs have complied with all terms of the Followed Policies and the Illinois Union Policy.

## STATEMENT OF FACTS

### Events Leading to the Underlying Claim

29.    R.S. was enrolled as a student at the high school operated by Gateway from 2001 through 2005.

30.    R.S. alleged that while enrolled at the high school operated by Gateway, she was subjected to systemic and pervasive bullying by other students, which consisted of emotional, physical, and sexual harassment, assault and battery, and infliction of emotional distress.

31.    R.S. also alleged that the bullying occurred on Gateway property, and that Gateway was also responsible for the abusive conduct and the injuries that she sustained as a result.

### The Underlying Claim

32.    On or around February 22, 2007, Underlying Plaintiff R.S. filed an action in the Superior Court of New Jersey, Gloucester County, Law Division with the caption *R.S. v.*

*Gateway Regional Board of Education, et al.*, Docket No. L 330-07.  A copy of the Complaint in the *R.S.* matter (the "R.S. Complaint") is attached as **Exhibit E** and, by this reference, incorporated herein as though fully set forth herein.

  33. In the R.S. Complaint, R.S. alleges that the bullying and abusive conduct began in 2001 and occurred continuously into 2005, all of which caused her severe and permanent injuries. See **Exhibit E** [underlying complaint], §§6-18.

  34. R.S. also alleged that Gateway failed to take actions reasonably calculated to end the harassment, failed to adequately respond to the conduct, and failed to take preventative and remedial actions that were reasonable under the circumstances.

  35. R.S. alleged in her Complaint that she was a person with a disability, pursuant to New Jersey Law Against Discrimination, N.J.S.A. § 10:5-5(q).

  36. In the R.S. Complaint, R.S. also alleged that the failure by Gateway and its employees constituted a violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.*

  37. R.S. alleged in the R.S. Complaint that she experienced severe and permanent injuries as a result of the bullying, and as a result of Gateway's violation of R.S.'s civil rights and its related negligence.

  38. In defending the claim, GCSSDJIF paid attorney's fees and costs in excess of $150,000 for pleadings, motion practice, discovery, and other costs associated with the case.

  39. On February 4, 2010, Gateway entered into a confidential settlement with R.S.

### Contact with Insurance Companies

  40. To date, the Defendants have denied coverage or failed to respond.

  41. On or about May 19, 2005, Gateway received from counsel for R.S. an "Initial Notice for Claim For Damages" dated May 18, 2005.

42.     On or around May 25, 2005, Plaintiffs notified Defendants of the potential claims against them, forwarding to them the "Initial Notice for Claim For Damages" dated May 18, 2005.

43.     Beginning in 2005 and continuing throughout the case, Plaintiffs provided updates to Defendants informing them of the status of the litigation.

44.     In addition, during this time, Plaintiffs fully cooperated with the investigations by Defendants.

45.     By letter dated March 29, 2007, ACE USA on behalf of Illinois Union denied coverage under the Illinois Union Policy.

46.     In the March 29, 2007 letter, Illinois Union's basis for denial of coverage was its assertion that the following exclusion prohibits coverage:

> For any damage whether direct, indirect or consequential, arising from or caused by "Bodily Injury", or injury to personal or business reputation or character of any person, or for damage to or destruction of any property, tangible or intangible, including reduction of value or loss of use.

47.     The Defendants have failed to comply with their contractual obligations by failing to cover the costs of defense and liability stemming from the *R.S.* litigation.

## FIRST COUNT
### BREACH OF CONTRACT VERSUS
### SELECTIVE INSURANCE COMPANY OF AMERICA

48.     Plaintiffs incorporate by reference paragraphs 1 through 47, as though fully set forth herein.

49.     The 2002 Selective Reinsurance Contract constitutes a valid and enforceable contract between the parties.

50.     Under the terms of the 2002 Selective Reinsurance Contract, there are no exclusions or limitations that would preclude coverage of the Plaintiffs' claim for these losses.

8

51.     Selective's conduct, in refusing to pay any of the litigation costs or settlement cost arising from the *R.S.* litigation, constitutes a breach of contract for which no justification exists.

52.     As a direct and proximate result of Selective's breach of its contract of insurance with Plaintiffs, Plaintiffs have sustained considerable damage including, but not limited to, attorney's fees and costs of suit and costs of settlement in the *R.S.* litigation, all of which are compensable.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Selective Insurance Company of America for compensatory damages, prejudgment and post-judgment interest, costs of suit, and such other relief as the Court deems equitable and just.

**SECOND COUNT**
**BREACH OF CONTRACT VERSUS**
**SELECTIVE INSURANCE COMPANY OF AMERICA**

53.     Plaintiffs incorporate by reference paragraphs 1 through 52, as though fully set forth herein.

54.     The 2003 Selective Reinsurance Contract constitutes a valid and enforceable contract between the parties.

55.     Under the terms of the 2003 Selective Reinsurance Contract, there are no exclusions or limitations that would preclude coverage of the Plaintiffs' claim for these losses.

56.     Selective's conduct, in refusing to pay any of the litigation costs or settlement cost arising from the *R.S.* litigation, constitutes a breach of contract for which no justification exists.

57.     As a direct and proximate result of Selective's breach of its contract of insurance with Plaintiffs, Plaintiffs have sustained considerable damage including, but not limited to, attorney's fees and costs of suit and costs of settlement in the *R.S.* litigation, all of which are compensable.

WHEREFORE, Plaintiffs demand judgment against Defendant Selective Insurance Company of America for compensatory damages, prejudgment and post-judgment interest, costs of suit, and such other relief as the Court deems equitable and just.

## THIRD COUNT
### BREACH OF CONTRACT VERSUS
### SELECTIVE INSURANCE COMPANY OF AMERICA

58.    Plaintiffs incorporate by reference paragraphs 1 through 57, as though fully set forth herein.

59.    The 2004 Selective Reinsurance Contract constitutes a valid and enforceable contract between the parties.

60.    Under the terms of the 2004 Selective Reinsurance Contract, there are no exclusions or limitations that would preclude coverage of the Plaintiffs' claim for these losses.

61.    Selective's conduct, in refusing to pay any of the litigation costs or settlement cost arising from the *R.S.* litigation, constitutes a breach of contract for which no justification exists.

62.    As a direct and proximate result of Selective's breach of its contract of insurance with Plaintiffs, Plaintiffs have sustained considerable damage including, but not limited to, attorney's fees and costs of suit and costs of settlement in the *R.S.* litigation, all of which are compensable.

WHEREFORE, Plaintiffs demand judgment against Defendant Selective Insurance Company of America for compensatory damages, prejudgment and post-judgment interest, costs of suit, and such other relief as the Court deems equitable and just.

## FOURTH COUNT
### BREACH OF CONTRACT VERSUS
### ILLINOIS UNION INSURANCE COMPANY

10

63.     Plaintiffs incorporate by reference paragraphs 1 through 62, as though fully set forth herein.

64.     The 2004 Illinois Union Policy constitutes a valid and enforceable contract between the parties.

65.     Under the terms of the 2004 Illinois Union Policy, there are no exclusions or limitations that would preclude coverage of the Plaintiffs' claim for these losses.

66.     Illinois Union's conduct, in refusing to pay any of the litigation costs or settlement cost arising from the *R.S.* litigation, constitutes a breach of contract for which no justification exists.

67.     As a direct and proximate result of Illinois Union's breach of its contract of insurance with Plaintiffs, Plaintiffs have sustained considerable damage including, but not limited to, attorney's fees and costs of suit and costs of settlement in the *R.S.* litigation, all of which are compensable.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Illinois Union Insurance Company for compensatory damages, prejudgment and post-judgment interest, costs of suit, and such other relief as the Court deems equitable and just.

**OFFIT KURMAN**
Attorneys for Plaintiffs


MICHAEL CONLEY, ESQ.
WILLIAM H. PILLSBURY, ESQ.

Dated: May 16, 2011

12

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues in this action.

**OFFIT KURMAN**
Attorneys for Plaintiffs

MICHAEL CONLEY, ESQ.
WILLIAM H. PILLSBURY, ESQ.

Dated: May 16, 2011

## CERTIFICATION PURSUANT TO R. 4:5-1

Plaintiffs, by their attorneys, hereby certify that the matter in controversy is the subject of a pending private arbitration proceeding between Plaintiffs SPELL and GCSSDJIF and Specialty National Insurance Company.  Plaintiffs are not currently aware of any other parties that should be joined in this action.

**OFFIT KURMAN**
Attorneys for Plaintiffs

MICHAEL CONLEY, ESQ.
WILLIAM H. PILLSBURY, ESQ.

Dated: May 16, 2011

# EXHIBIT B

**Sedgwick LLP**
125 Broad Street
39th Floor
New York, New York 10004-2400
Tel: 212-422-0202
Fax: 212-422-0925
Attorneys for Defendant,
Illinois Union Insurance Company

| | |
|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION and SCHOOL POOL FOR EXCESS LIMITS JOINT INSURANCE FUND, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BURLINGTON COUNTY |
| | DOCKET NO.: L-1661-11 |
| Plaintiffs, | |
| vs. | |
| SELECTIVE INSURANCE COMPANY OF AMERICA and ILLINOIS UNION INSURANCE COMPANY, | |
| Defendants. | |

**ANSWER TO COMPLAINT, SEPARATE DEFENSES, DEMAND FOR SPECIFICATION OF MONEY DAMAGES, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND, RULE 4:5-1 CERTIFICATION, AND RULE 4:6 CERTIFICATION**

Defendant, Illinois Union Insurance Company ("Illinois Union") by way of Answer to the Complaint of plaintiffs, Gloucester, Cumberland, Salem School Districts Joint Insurance Fund ("GCSSDJIF"), Gateway Regional Board of Education ("Gateway") and School Pool for Excess Liability Limits Joint Insurance Fund ("SPELLJIF") (collectively, "plaintiffs"), hereby alleges and says:

## AS TO BACKGROUND

1.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

2.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

3.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

4.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

5.    Illinois Union denies the allegations contained in Paragraph 5 of the Complaint but admits that it is an Illinois corporation that maintains its principal place of business in Chicago, Illinois and conducts insurance business in the State of New Jersey and in Burlington County.

## POLICIES AT ISSUE

### Selective Reinsurance Contracts for 2002-2003, 2003-2004 and 2004-2005

6.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

7. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

8. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

9. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

10. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

11. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

12. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

13. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

14.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

15.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

16.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

17.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

18.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

19.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

### Illinois Union Policy for 2004-2005

20.     Illinois Union denies the allegations contained in Paragraph 20 of the Complaint but admits that it issued Excess School Leaders Errors and Omissions Liability Insurance Policy No. EON N00717381 001 to SPELLJIF and GCSSDJIF as the named insured, and including Gateway

as an insured, covering the period from July 1, 2004 to July 1, 2005 (the "2004-05 Illinois Union Policy").

21.     The allegations contained in Paragraph 21 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the 2004-05 Illinois Union Policy, which speaks for itself.

22.     The allegations contained in Paragraph 22 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the 2004-05 Illinois Union Policy, which speaks for itself.

23.     The allegations contained in Paragraph 23 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the Educator's Legal Liability Coverage Part of the Followed Policy and the 2004-05 Illinois Union Policy, which speak for themselves.

24.     The allegations contained in Paragraph 24 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the 2004-05 Illinois Union Policy, which speaks for itself.

25.     The allegations contained in Paragraph 25 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the Educator's Legal Liability Coverage Part of the Followed Policy and the 2004-05 Illinois Union Policy, which speak for themselves.

26.     The allegations contained in Paragraph 26 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the Educator's Legal Liability Coverage Part of the Followed Policy and the 2004-05 Illinois Union Policy, which speak for themselves.

27.     The allegations contained in Paragraph 27 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the terms of the Educator's Legal Liability Coverage Part of the Followed Policy and the 2004-05 Illinois Union Policy, which speak for themselves.

28.     The allegations contained in Paragraph 28 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to assert matters of fact, Illinois Union denies them.

## STATEMENT OF FACTS

### Events Leading to the Underlying Claim

29.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

30.     The allegations contained in Paragraph 30 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to assert matters of fact, Illinois Union refers the Court to the allegations of the Complaint in the Underlying Action, which speak for themselves.

31.     The allegations contained in Paragraph 31 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to assert matters of

fact, Illinois Union refers the Court to the allegations of the Complaint in the Underlying Action, which speak for themselves.

### The Underlying Claim

32.    Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

33.    Illinois Union denies the plaintiffs' characterizations of the allegations of the Underlying Complaint contained in Paragraph 33 of the Complaint and refers the Court to the Underlying Complaint, which speaks for itself.

34.    Illinois Union denies the plaintiffs' characterizations of the allegations of the Underlying Complaint contained in Paragraph 34 of the Complaint and refers the Court to the Underlying Complaint, which speaks for itself.

35.    Illinois Union denies the plaintiffs' characterizations of the allegations of the Underlying Complaint contained in Paragraph 35 of the Complaint and refers the Court to the Underlying Complaint, which speaks for itself.

36.    Illinois Union denies the plaintiffs' characterizations of the allegations of the Underlying Complaint contained in Paragraph 36 of the Complaint and refers the Court to the Underlying Complaint, which speaks for itself.

37.    Illinois Union denies the plaintiffs' characterizations of the allegations of the Underlying Complaint contained in Paragraph 37 of the Complaint and refers the Court to the Underlying Complaint, which speaks for itself.

38.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

39.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

### Contact with Insurance Companies

40.     Illinois Union denies the allegations contained in Paragraph 40 of the Complaint except admits that it issued a letter dated March 29, 2007 disclaiming coverage for the claims asserted in the Underlying Action.  Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint insofar as they are directed against the other defendant and, therefore, leaves plaintiffs to their strict proofs.

41.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

42.     Illinois Union admits the allegations contained in Paragraph 42 of the Complaint insofar as they allege that Plaintiffs notified Illinois Union of the potential claim on or around May 25, 2005.  Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

43.     Illinois Union denies the allegations contained in Paragraph 43 of the Complaint insofar as they are directed against it and refers the Court to the actual updates provided by

Plaintiffs with respect to the contents thereof. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint insofar as they are directed against the other defendant and, therefore, leaves plaintiffs to their strict proofs.

44.   Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

45.   Illinois Union admits the allegations contained in Paragraph 45 of the Complaint.

46.   Illinois Union denies the Plaintiffs' characterizations of the March 29, 2007 disclaimer letter contained in Paragraph 46 of the Complaint and refers the Court to the terms of the disclaimer letter, which speaks for itself.

47.   The allegations contained in Paragraph 31 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to assert matters of fact as against Illinois Union, Illinois Union denies them. Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint insofar as they are directed against the other defendant and, therefore, leaves plaintiffs to their strict proofs.

## FIRST COUNT

## BREACH OF CONTRACT VERSUS SELECTIVE INSURANCE COMPANY OF AMERICA

48.   Illinois Union repeats and reiterates each of its responses to paragraphs 1 through 47 of the Complaint as if set forth herein at length.

49.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

50.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

51.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

52.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

**WHEREFORE**, defendant, Illinois Union Insurance Company, demands judgment dismissing with prejudice the Complaint as against it, together with costs, attorneys' fees and such other relief as the Court may deem equitable and just.

## SECOND COUNT

## BREACH OF CONTRACT VERSUS SELECTIVE INSURANCE COMPANY OF AMERICA

53.     Illinois Union repeats and reiterates each of its responses to paragraphs 1 through 52 of the Complaint as if set forth herein at length.

54.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

55.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

56.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

57.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

**WHEREFORE**, defendant, Illinois Union Insurance Company, demands judgment dismissing with prejudice the Complaint as against it, together with costs, attorneys' fees and such other relief as the Court may deem equitable and just.

## THIRD COUNT

## BREACH OF CONTRACT VERSUS SELECTIVE INSURANCE COMPANY OF AMERICA

58.     Illinois Union repeats and reiterates each of its responses to paragraphs 1 through 57 of the Complaint as if set forth herein at length.

59.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

60.     Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

61.   Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

62.   Illinois Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and, therefore, leaves plaintiffs to their strict proofs.

**WHEREFORE**, defendant, Illinois Union Insurance Company, demands judgment dismissing with prejudice the Complaint as against it, together with costs, attorneys' fees and such other relief as the Court may deem equitable and just.

## FOURTH COUNT

## BREACH OF CONTRACT VERSUS ILLINOIS UNION INSURANCE COMPANY

63.   Illinois Union repeats and reiterates each of its responses to paragraphs 1 through 62 of the Complaint as if set forth herein at length.

64.   The allegations contained in Paragraph 64 of the Complaint assert matters of law as to which no response is required.

65.   The allegations contained in Paragraph 65 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

66.   The allegations contained in Paragraph 66 of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

67.    The allegations contained in Paragraph 67 of the Complaint assert matters of law as to which no response is required.  To the extent that the allegations are deemed to allege matters of fact, Illinois Union denies them.

**WHEREFORE**, defendant, Illinois Union Insurance Company, demands judgment dismissing with prejudice the Complaint as against it, together with costs, attorneys' fees and such other relief as the Court may deem equitable and just.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted as against Illinois Union.

### SECOND SEPARATE DEFENSE

The Plaintiffs' claims are or may be barred to the extent that they fail to establish full compliance with all terms and conditions of the 2004-05 Illinois Union Policy, as incorporated by reference from the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy.

### THIRD SEPARATE DEFENSE

The Plaintiffs' claims are or may be barred to the extent that they seek coverage under the 2004-05 Illinois Union Policy for conduct that does not constitute "Wrongful Act(s)", as that term is incorporated by reference from the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy.

### FOURTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits alleging discrimination, in accordance with the exclusions contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### FIFTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits alleging libel, slander, other defamatory or disparaging material, nuisance, assault or battery, in accordance with the exclusions contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### SIXTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits seeking damages arising from bodily injury or injury to personal reputation or character of any person, in accordance with the exclusions contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### SEVENTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits seeking damages arising from the deliberate violation of any federal, state or local statute, ordinance, rule or regulation committed by or with the knowledge and consent of an insured, in accordance with the exclusions

contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### EIGHTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits brought about or contributed to by the bad faith of an insured, in accordance with the exclusions contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### NINTH SEPARATE DEFENSE

The Plaintiffs' claims are barred to the extent that they seek coverage for defense costs or indemnity under the 2004-05 Illinois Union Policy for claims or suits arising out of any "Wrongful Act(s)" that take place prior to the Coverage Period if a Member had knowledge of circumstances that might give rise to a "Claim" or "Suit" under any other coverage part or policy, in accordance with the exclusions contained in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy.

### TENTH SEPARATE DEFENSE

The Plaintiffs' claims under the 2004-05 Illinois Union Policy are or may be barred as a matter of public policy.

### ELEVENTH SEPARATE DEFENSE

The Plaintiffs' claims under the 2004-05 Illinois Union Policy are or may be barred to the extent that they arise from intentional or willful misconduct by an insured.

### TWELFTH SEPARATE DEFENSE

The Plaintiffs' claims are barred under the 2004-05 Illinois Union Policy because the "other insurance" condition in the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy and incorporated by reference in the 2004-05 Illinois Union Policy, makes the available coverage under the Educator's Legal Liability Coverage Part excess of all other available coverages, including the General Liability Coverage Part.

### THIRTEENTH SEPARATE DEFENSE

Illinois Union has fulfilled any and all contractual obligations owed to the Plaintiffs under the 2004-05 Illinois Union Policy.

### FOURTEENTH SEPARATE DEFENSE

The 2004-05 Illinois Union Policy is subject to and limited by its own terms, conditions, definitions, limits of liability, retentions, underlying limits, and exclusions, as well as the terms, conditions, definitions, limits of liability, retentions and exclusions from the Educator's Legal Liability Coverage Part of the SPELL – GCSSDJIF multi-line policy that are incorporated by reference into the 2004-05 Illinois Union Policy. Illinois Union reserves the future right to affirmatively raise other terms, conditions, definitions, limits of liability, retentions, underlying limits, and exclusions from the applicable coverage provisions as defenses to coverage as they become known and relevant.

### FIFTEENTH SEPARATE DEFENSE

The Plaintiffs' claims are or may be barred to the extent that the doctrines of unclean hands, waiver, estoppel, set-off, ratification, res judicata, statutory or contractual limitations periods, or laches are applicable.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs have not properly laid venue, pursuant to Rule 4:3-2.

## SEVENTEENTH SEPARATE DEFENSE

Illinois Union reserves the right to amend this answer and to assert additional defenses upon the completion of further investigation and discovery.

**WHEREFORE**, defendant, Illinois Union Insurance Company, demands judgment dismissing with prejudice the Complaint as against it, together with costs, attorneys' fees and such other relief as the Court may deem equitable and just.

## DEMAND FOR SPECIFICATION OF MONEY DAMAGES

Illinois Union hereby demands, pursuant to Rule 4:5-2, that plaintiffs serve upon the undersigned counsel, within five (5) days from the date of service hereof, a written statement of the amount of damages claimed as to each Count of the Complaint.

## JURY DEMAND

Illinois Union hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Jeffrey W. Dillon, Esq., an attorney admitted to the Bar of the State of New Jersey, is hereby designated as trial counsel for defendant Illinois Union Insurance Company, in the above entitled action, in accordance with Rule 4:25-4.

## RULE 4:5-1 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other known action or proceeding, pending or contemplated, and that I know of no other party who should be joined in this action at this time.

## RULE 4:6 CERTIFICATION

I hereby certify that the foregoing pleading was filed and served within the time period provided under Rule 4:6, et seq., together with any extensions of time granted there under.

**Sedgwick LLP**
Attorneys for Defendant Illinois Union Insurance
Company

BY: _____
        Jeffrey W. Dillon

DATED: July 28, 2011

# EXHIBIT C

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON



**Offit | Kurman**
Attorneys At Law

*William H. Pillsbury, Esquire*
*(267) 338-1321 (direct dial)*
*(267) 338-1335 (facsimile)*
*wpillsbury@offitkurman.com*

September 12, 2011

***Via Federal Express***

Burlington County Central Processing Office
Law Division
49 Rancocas Road
Mount Holly, NJ  08060

    Re:    ***Gloucester, Cumberland, Salem School Districts Joint Ins. Fund, et al. v.***
           ***Selective Ins. Co. of America and Illinois Union Ins. Co.***, No. BUR-L-1661-11

Dear Sir or Madam:

    Enclosed herewith please find an original and one copy of a stipulated Consent Order to dismiss with prejudice Defendant Selective Insurance Company of America.  Kindly file the original and return a conformed copy to this office in the self-addressed envelope provided herein for your convenience.

    Thank you for your prompt attention to this matter.

                        Very truly yours,

                        William H. Pillsbury

Enclosures

cc:    Mark J. Walters, Esquire (via Regular Mail)
       Jessika J. Moon, Esquire (via Regular Mail)

| | |
|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION, and SCHOOL POOL FOR EXCESS LIABILITY LIMITS JOINT INSURANCE FUND, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY Docket No. BUR-L-1661-11 |
| Plaintiffs, | Civil Action |
| vs. | |
| SELECTIVE INSURANCE COMPANY OF AMERICA, and ILLINOIS UNION INSURANCE COMPANY, | **CONSENT ORDER** |
| Defendants. | |

THIS MATTER having been opened to the Court by Offit Kurman, attorneys for

Plaintiffs Gloucester, Cumberland, Salem School District Joint Insurance Fund, Gloucester

County Institute of Technology, and School Pool for Excess Liability Limits Joint Insurance

Fund (collectively, "Plaintiffs"), and Donnelly & Associates, P.C., attorneys for Defendant

Selective Insurance Company of America ("Selective"), and based upon the parties having reached

settlement and having mutually agreed to this relief and good cause having been shown:

IT IS on this _____ day of _____, 2011

ORDERED that Plaintiffs' counts against Selective, the First, Second, and Third Counts

in Plaintiffs' Complaint, are dismissed with prejudice, without costs to any party as against the

other.

IT IS FURTHER ORDERED that a copy of this Consent Order shall be served by

counsel for Plaintiffs, upon all other counsel of record within seven (7) days of its receipt at the

offices of Offit Kurman P.A.

_____
                                              J.S.C.


**OFFIT KURMAN**                          **DONNELLY & ASSOCIATES, P.C.**

_____          _____
Michael Conley, Esq.                      Mark J. Walters, Esq.
William H. Pillsbury, Esq.                303 W. Main Street, Suite 415
1601 Cherry Street, Suite 1300            Freehold, NJ  07728
Philadelphia, PA  19102                   (732) 761-0006
(267) 338-1321

*Attorneys for Plaintiffs*                *Attorneys for Defendant Selective*

DATED: ___9/12/11___                      DATED: ___8 - 11 - 11___


                              2

# EXHIBIT D

FILED WITH THE COURT

SEP 15 2011

KAREN L. SUTER, J.S.C.

|  |  |  |
|---|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, GATEWAY REGIONAL BOARD OF EDUCATION, and SCHOOL POOL FOR EXCESS LIABILITY LIMITS JOINT INSURANCE FUND, | : : : : : : : : | SUPERIOR COURT OF NEW JERSEY LAW DIVISION BURLINGTON COUNTY<br><br>Docket No. BUR-L-1661-11 |
| Plaintiffs, | : : | Civil Action |
| vs. | : : | |
| SELECTIVE INSURANCE COMPANY OF AMERICA, and ILLINOIS UNION INSURANCE COMPANY, | : : : : | **CONSENT ORDER** |
| Defendants. | : : | |

THIS MATTER having been opened to the Court by Offit Kurman, attorneys for Plaintiffs Gloucester, Cumberland, Salem School District Joint Insurance Fund, Gloucester County Institute of Technology, and School Pool for Excess Liability Limits Joint Insurance Fund (collectively, "Plaintiffs"), and Donnelly & Associates, P.C., attorneys for Defendant Selective Insurance Company of America ("Selective"), and based upon the parties having reached settlement and having mutually agreed to this relief and good cause having been shown:

IT IS on this _15th_ day of _September_, 2011

ORDERED that Plaintiffs' counts against Selective, the First, Second, and Third Counts in Plaintiffs' Complaint, are dismissed with prejudice, without costs to any party as against the other.

IT IS FURTHER ORDERED that a copy of this Consent Order shall be served by

counsel for Plaintiffs, upon all other counsel of record within seven (7) days of its receipt at the

offices of Offit Kurman P.A.


_____
                                        J.S.C.
**KAREN L. SUTER, P.J.Cv.**


**OFFIT KURMAN**                    **DONNELLY & ASSOCIATES, P.C.**


_____    _____
Michael Conley, Esq.                 Mark J. Walters, Esq.
William H. Pillsbury, Esq.           303 W. Main Street, Suite 415
1601 Cherry Street, Suite 1300       Freehold, NJ  07728
Philadelphia, PA  19102              (732) 761-0006
(267) 338-1321

*Attorneys for Plaintiffs*            *Attorneys for Defendant Selective*

DATED: _9/12/11_____                  DATED: ___8-11-11_____

2