OFFIT KURMAN
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA  19103
T: 267-338-1300
F: 267-338-1335

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOUCESTER, CUMBERLAND, SALEM SCHOOL DISTRICTS JOINT INSURANCE FUND, et al., | Case No.: 1:11-cv-06005-JEI-JS |
| Plaintiffs, | JURY DEMANDED |
| v. | |
| SELECTIVE INSURANCE COMPANY OF AMERICA, et al., | |
| Defendants. | |

## AFFIDAVIT OF WILLIAM PILLSBURY IN SUPPORT OF DISCOVERY CONFIDENTIALITY ORDER

Before me, the undersigned authority, personally appeared **WILLIAM H. PILLSBURY, ESQ.**, who after first duly sworn, deposes on his oath and says:

1.      My name is William H. Pillsbury.  I am over the age of 18 years and I am admitted to the United States District Court for the District of New Jersey.

2.      I am competent to make this affidavit and understand the importance of providing truthful testimony and the consequences of failing to provide truthful testimony.

3.      The parties have agreed to keep limited materials produced in discovery confidential.

4.     A form of Discovery Confidentiality Order substantially similar to Appendix S of the Local Rules has been agreed upon by all parties and is being filed at the same time as this Affidavit.

5.     Plaintiffs have entered into confidential settlement agreements and participated in a mandatory arbitration with other insurance companies related to the claims at issue in this litigation.

6.     Plaintiffs believe that Defendant Illinois Union will likely seek copies of the confidential settlement agreements and documents related to the arbitration, which are also protected under a confidentiality agreement.

7.     New Jersey has long recognized that settlement of litigation ranks high in its public policy. See Nolan v. Lee Ho, 120 N.J. 465, 472, 577 A.2d 143, 146 (1990).

8.     Confidentiality is a key component of many settlements and "ordering disclosure of settlements already reached . . . would not only jeopardize those settlements but would chill and deter other parties from entering into confidential discussions to settle their disputes without a lengthy trial." UMC/Stamford, Inc. v. Allianz Underwriters Ins. Co., 276 N.J. Super. 52, 69, 647 A.2d 182 (1994).

9.     Similarly, arbitrations are normally confidential and maintaining the confidentiality of those proceedings is essential to ensuring that parties continue to use alternative means of resolving litigation besides lengthy trials.

10.     If Plaintiffs are required to produce the settlement agreements and/or arbitration material, a discovery confidentiality order is essential to protecting "the social goal of encouraging settlements" and alternative dispute resolutions. See Czuj v. Toresco Enters., 239 N.J. Super. 123, 128, 570 A.2d 1049, 1052 (Law Div. 1989).

11.    Without a discovery confidentiality order entered into this case, Plaintiffs will be required to breach their confidentiality orders, which could undermine the settlements already entered into, and it would have a chilling effect upon Plaintiffs ability to enter into other settlement agreements.

_____
WILLIAM H. PILLSBURY, ESQ.

SWORN and SUBSCRIBED
before me on this 30th day of
April, 2012.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RHONDA V. WATSON, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 31, 2015

3